BESSIE KLIEGMAN et al., Respondents, v. DUWELL REALTY CORP., Appellant, et al., Defendants.— The action is to foreclose two mortgages on real property, executed in 1922 and 1925, respectively, and consolidated to form a single lien in 1927. In 1941 plaintiffs and appellant entered into an extension agreement whereby payment of the consolidated mortgages was extended to August 5, 1945, on condition that appellant pay $100 monthly, with interest at 6% on the unpaid balance. The last installment of $100 was due July 5, 1945, and the entire unpaid balance of principal, in excess of $13,000, was due August 5, 1945. The foreclosure action is based upon appellant's failure to pay the installment of $100 and interest due July 5, 1945, and was begun August 23, 1945. In September, 1945, appellant made the instant motion for an order directing that the action be dismissed upon payment by it to plaintiffs of their taxable costs and disbursements and the remedying of any default of appellant, other than the final payment of principal. The motion was denied. Order reversed on the law, with $10 costs and disbursements, and the matter remitted to Special Term for determination of the amount due plaintiffs and for the making of an appropriate order. The relief requested by appellant is warranted by the provisions of section 1077-g of the Civil Practice Act. Under the final paragraph thereof, where a foreclosure action is instituted by reason of default in the payment of installment or amortization, the payment of which is provided for by an extension or modification executed on or after July 1, 1937, or by the terms of that section, the action should be dismissed and discontinued before final judgment, upon the payment by any defendant to the plaintiff of the taxable costs and disbursements, the payment of such installment or amortization in default, and the remedying of any other default under the terms of such mortgage or extension or modification. When appellant remedies its default with regard to the payment of the installment or amortization due July 5, 1945, so that all the installments will have been paid as provided for in the extension or modification, the final payment of principal is within the protection of the moratorium laws. (Civ. Prac. Act, § 1077-g.) It follows that upon payment of the installment in default, and the remedying of any other default under the terms of the mortgage or extension or modification, other than the final payment of principal, and upon compliance with the other conditions specified in section 1077-g of the Civil Practice Act, appellant will be entitled to a dismissal of the complaint. Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.

AARON KOLBER, Appellant, v. MORRIS KOLBER et al., Respondents.— Action to compel transfer by the individual defendant to plaintiff of certain shares of stock of the corporate defendant. Judgment in favor of defendants unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ.